```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION


UNITED STATES OF AMERICA,        )
                                 )
               Plaintiff,        )
                                 )
   VS.                           ) No. 3:18-CR-592-N
                                 ) No. 3:19-CR-432-N
ROBERT DARREN MOORE,             )
                                 )
               Defendant.        )
_____)



                      REARRAIGNMENT HEARING
            BEFORE THE HONORABLE RENEE HARRIS TOLIVER
               UNITED STATES MAGISTRATE COURT JUDGE
                         OCTOBER 1, 2019
                          DALLAS, TEXAS

FOR THE PLAINTIFF:

    DAMIEN M. DIGGS
    OFFICE OF U.S. ATTORNEY - NDTX
    1100 Commerce Street, Suite 300
    Dallas, TX  75242
     (214) 659-8600

FOR THE DEFENDANT:

    J. DANIEL OLIPHANT, JR.
    LAW OFFICE OF J. DANIEL OLIPHANT, JR.
    3626 N. Hall Street, Suite 630
    Dallas, TX  75219
     (469) 567-3316

    Proceedings reported by mechanical stenography;
transcript produced by computer-aided transcription.
_____

           DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
              Federal Official Court Reporter
            1100 Commerce Street, 15th Floor
                    Dallas, TX  75242
                     (214) 753-2325
```

```
1            (PROCEEDINGS BEGAN AT 9:18 AM.)
2            THE COURT:  I'll call the next two cases on the
3    docket, both -- one, Case No. 3:19-CR-432-N, and one styled or
4    numbered 3:18-CR-592-N, both styled United States of America
5    versus Robert Darren Moore.
6            MR. DIGGS:  Damien Diggs for the United States,
7    Your Honor.
8            THE COURT:  Good morning.
9            MR. OLIPHANT:  Good morning, Your Honor.
10   Daniel Oliphant for Mr. Moore.
11           THE COURT:  Good morning.
12           Good morning, sir.  Will you raise -- Would you state
13   your full name first?
14           THE DEFENDANT:  Robert Moore.
15           THE COURT:  Is "Darren" your middle name?
16           THE DEFENDANT:  Yes, ma'am.
17           THE COURT:  Mr. Moore, will you raise your right hand
18   and be sworn?
19           COURTROOM DEPUTY:  Do you solemnly swear that the
20   testimony you're about to give in the case before the Court
21   shall be the truth, the whole truth, and nothing but the
22   truth, so help you God?
23           THE DEFENDANT:  Yes, ma'am.
24           THE COURT:  Mr. Moore, you're now under oath and that
25   means that if you give any false answers to any of my
```

1    questions, those answers may later be used against you in a

2    prosecution for perjury and for making a false statement.  Do

3    you understand?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  Sir, you have the right to proceed with

6    your proposed guilty plea before District Judge David Godbey

7    to whom your case is assigned, but you may consent, if you

8    choose, to entering your guilty plea before me, the Magistrate

9    Judge.  It is your choice and, either way, it will be Judge

10   Godbey who sentences you.  Do you understand that?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  In your cases, and you have two cases on

13   the docket this morning, I've received in each of your cases a

14   written consent to proceed before the Magistrate Judge --

15             THE DEFENDANT:  Yes, ma'am.

16             THE COURT:  -- with your guilty pleas.  Are those

17   your signatures on the documents --

18             THE DEFENDANT:  Yes, ma'am.

19             THE COURT:  -- I'm showing you?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  I'm going to ask you, sir, to please wait

22   before you begin your answer because the court reporter is

23   really good but not good enough to take down what you're

24   saying simultaneously.  Thank you.

25             Before you signed the consents, did you discuss it

1  with Mr. Oliphant your right to consent or not to consent to
2  entering your guilty pleas before me, the Magistrate Judge?
3          THE DEFENDANT:  Yes, ma'am.
4          THE COURT:  Do you understand that right, Mr. Moore?
5          THE DEFENDANT:  Yes, ma'am.
6          THE COURT:  And do you give your consent to enter
7  your guilty pleas before me, the Magistrate Judge?
8          THE DEFENDANT:  Yes, ma'am.
9          THE COURT:  Then I find that you have knowingly and
10 voluntarily waived your right to enter a guilty plea before
11 the District Judge and consented to entering your guilty pleas
12 before me, the Magistrate Judge.
13         And so at this time I'm going to ask you and your
14 attorney to stand wherever the Marshals direct while I call
15 the last case scheduled on the docket this morning.
16         (Pause)
17         THE COURT:  The Court's back on the record in Case
18 No. 3:19-CR-432-N and CR -- 3:18-CR-592-N, both *United States*
19 *versus Moore*.
20               EXAMINATION BY THE COURT:
21 Q   Mr. Moore, do you have any questions about anything at
22 all we covered before we took a break in your case?
23 A   No, ma'am.
24 Q   How old are you, sir?
25 A   35.

1   Q   In what year were you born?

2   A   '84.

3   Q   And how far did you go in school?

4   A   Ninth grade.

5   Q   Do you read, write and understand English?

6   A   Yes, ma'am.

7   Q   Within the last six months, have you received care or

8   treatment for any mental health or physical health condition?

9   A   No, ma'am.

10  Q   Within the last six months, have you been hospitalized or

11  treated for addiction to drugs or for alcoholism?

12  A   No, ma'am.

13  Q   Do you suffer from any type of emotional or mental

14  disability?

15  A   No, ma'am.

16  Q   Are you of sound mind and do you fully understand what it

17  is we're doing here today?

18  A   Yes, ma'am.

19  Q   Is it your understanding that you're here for the purpose

20  of pleading "guilty" to two separate cases, separate

21  indictments?

22          The first indictment in Case No. 3:19-CR-432-N that

23  you're pleading "guilty" to Count One of the Indictment that

24  charges you with the offense of bank robbery, and in the

25  second indictment, Case No. 3:18-CR-592-N, that you're also

1  pleading "guilty" to Count One of the Indictment in that case
2  which charges you as well with bank robbery?
3  A    Yes, ma'am.
4         THE COURT:  Mr. Oliphant, do you have any reason to
5  believe that Mr. Moore is not fully competent to enter a plea
6  of guilty?
7         MR. OLIPHANT:  I do not.
8         THE COURT:  Do you believe that the pleas of guilty
9  he's proposing to make will be knowing and voluntary pleas?
10        MR. OLIPHANT:  I do.
11 Q    (By The Court) Mr. Moore, did you receive copies of the
12 Indictments in each of the cases?
13 A    Yes, ma'am.
14 Q    And did you have the opportunity then to read the charges
15 or read the Indictment in each case and discuss the charges in
16 the Indictment with your -- in the Indictment in each case
17 with your attorney?
18 A    Yes, ma'am.
19 Q    Then do you know and understand what you're charged with
20 by Count One of the Indictment in the 3:19-CR-432 case and by
21 Count One of the Indictment in the 3:18-CR-592 case?
22 A    Yes, ma'am.
23 Q    Sir, at this time it would be appropriate to have each of
24 those charges read aloud here in court.  Based on your
25 knowledge and understanding of them, however, you may waive

1  the reading, if you choose.  Would you like the charges in
2  either case read aloud?
3  A    No, ma'am.
4  Q    In each case you have the right to have explained to you
5  the essential elements of the offense to which you're
6  proposing to plead guilty.  And the elements of the offense
7  are what the Government would be required to prove beyond a
8  reasonable doubt before you could be convicted of the offense.
9  And, of course, those essential elements, because the charges
10 are the same, would be the same in both of your cases.
11           THE COURT:  At this time I am going to call upon the
12 Assistant United States Attorney to state those essential
13 elements.
14           MR. DIGGS:  Thank you, Your Honor.  If the Court
15 would prefer -- Would the Court prefer me to read the elements
16 for each separate case or just one at a time?  I can do them
17 both at the same time.
18           THE COURT:  They're not the same?
19           MR. DIGGS:  They're not the same.  They're slightly
20 different in each.
21           THE COURT:  Okay.  Well, if you would read the 432
22 elements first then.
23           MR. DIGGS:  Very well, Your Honor.
24           First, that the Defendant intentionally took
25 United States currency from the person and presence of

1   another; namely, an employee of Texas Star Bank while the
2   United States currency was in the care or custody of Texas
3   Star Bank;
4           Second, that such taking was by force and violence
5   and intimidation, and that the deposits of Texas Star Bank
6   were insured by the Federal Deposit Insurance Corporation.
7           In the next case, Case 3:18-CR-592, the elements are:
8           That the Defendant intentionally took United States
9   currency from the person or presence of another; namely, an
10  employee of BBVA Compass Bank;
11          Second, that the United States currency belonged to
12  or was in the possession of a federally insured bank, credit
13  union, or savings and loan association at the time of the
14  taking;
15          Third, that the Defendant took the United States
16  currency by means of force and violence and by intimidation;
17          And fourth, that the Defendant assaulted a BBVA
18  Compass Bank employee by the use of a dangerous weapon or
19  device while in the case of taking the United States currency.
20  Q    (By The Court) Mr. Moore, do you understand in each of
21  your cases, as to Count One of the Indictment in each, what
22  the essential elements are?
23  A    Yes, ma'am.
24  Q    And do you admit that each of those essential elements is
25  satisfied as to Count One in Case No. 3:19-CR-432 and in Count

```
 1   One of the Indictment in Case No. 3:18-CR-592-N by your
 2   conduct?
 3   A    Yes, ma'am.
 4   Q    Sir, you're appearing today with Mr. Oliphant as your
 5   attorney.  Have you been fully satisfied with the
 6   representation and advice you've received from him in this
 7   case?
 8   A    Yes, ma'am.
 9   Q    Sir, you have copies of the Plea Agreements and the
10   Factual Resume -- the Factual Resumes filed in each of your
11   cases in front of you?
12   A    Yes, ma'am.
13   Q    It appeared the Plea Agreements were essentially the
14   same.  Is that correct?
15   A    Yes, ma'am.
16   Q    Okay.
17        MR. OLIPHANT:  Yes, ma'am.
18   Q    (By The Court) Mr. Moore, would you look at Page 8 of
19   each of the Plea Agreements in your cases?  Do each of those
20   pages appear to contain your signature?
21   A    Yes, ma'am.
22   Q    Are those your signatures?
23   A    Yes, ma'am.
24   Q    Before you signed the Plea Agreement in each of your
25   cases, did you read each Plea Agreement in its entirety and
```

1   also discuss it in its entirety with your attorney?

2   A    Yes, ma'am.

3   Q    Then do you know and understand what's contained in your

4   Plea Agreement with the Government in Case No. 3:19-CR-432 and

5   in your Plea Agreement with the Government in Case No.

6   3:18-CR-592?

7   A    Yes, ma'am.

8   Q    I'm going to ask you to look, and these provisions are

9   the same in each of your Plea Agreements, but you can look at

10  just one.  If you will look at Page 4, toward the bottom of

11  the page and continuing on to Page 5, and it's the same in

12  your other Plea Agreement, the paragraph that's titled

13  "Forfeiture of Property" in which it indicates that you are

14  agreeing not to contest, challenge or appeal in any way the

15  administrative or judicial forfeiture to the Government of any

16  property noted as subject to forfeiture pursuant to your

17  guilty plea.  When you were going over those provisions in

18  your Plea Agreement, forfeiture provisions, with Mr. Oliphant,

19  did he explain to you the rights you have under the law to

20  contest, challenge and appeal the administrative or judicial

21  forfeiture to the Government of your property?

22  A    Yes, ma'am.

23  Q    Do you understand those rights, sir?

24  A    Yes, ma'am.

25  Q    Do you agree to waive or give them up to the extent it

1  states in your Plea Agreements with the Government?

2  A    Yes, ma'am.

3  Q    Would you next look in either Plea Agreement, because

4  they're the same, at Page 6 and the paragraph titled, "Waiver

5  of Right to Appeal or Otherwise Challenge Sentence."

6  A    Yes, ma'am.

7  Q    In which it indicates that you're doing basically that.

8  A    Yes, ma'am.

9  Q    That you're agreeing to waive your right to appeal and to

10 otherwise challenge your sentence and conviction except under

11 the limited circumstances that are specified in the third and

12 last line of the paragraph in each of your Plea Agreements

13 that starts, "The Defendant, however, reserves the rights."

14 A    Yes, ma'am.

15 Q    When you were going over that provision of your Plea

16 Agreements with Mr. Oliphant, did he explain to you the rights

17 you have under the law to appeal and to otherwise challenge

18 your sentence and conviction in each of these cases?

19 A    Yes, ma'am.

20 Q    Do you understand those rights?

21 A    Yes, ma'am.

22 Q    And do you agree to waive those rights to the extent it

23 states in your Plea Agreement with the Government?

24 A    Yes, ma'am.

25 Q    I'm looking at the Plea Agreement in Case No. 3:19-CR-432

1  now and ask you to look at Page 3 of that Plea Agreement.  At
2  the bottom of that page and continuing on to the next page is
3  a paragraph titled "Defendant's Agreement" in which -- I'm
4  directing your attention specifically to this -- you are
5  agreeing to pay a total of $25,857 in restitution to the
6  various financial entities that are listed there.
7  A    Yes, ma'am.
8  Q    And if you would look at that same numbered paragraph on
9  Page 3 of your Plea Agreement in Case No. 3:18-CR-592, it
10 indicates in that case that you are also agreeing to pay
11 restitution of $25,857 --
12 A    Yes, ma'am.
13 Q    -- to the financial entities, institutions that are
14 listed there.
15 A    Yes, ma'am.
16 Q    Sir, do you understand that you are agreeing to make the
17 restitution as stated in the Plea Agreement?
18 A    Yes, ma'am.
19 Q    And are you agreeing to make that restitution as agreed
20 to in your Plea Agreement with the Government?
21 A    Yes, ma'am.
22 Q    Are all the terms of your agreement with the Government
23 in each of your cases set out in the written Plea Agreements?
24 A    Yes, ma'am.
25 Q    And did you voluntarily and of your own free will enter

1  into the Plea Agreements in each case?
2  A    Yes, ma'am.
3  Q    Other than the written Plea Agreement in each case, has
4  anyone made any promise or assurance to you of any kind in an
5  effort to induce you to plead "guilty" in either case?
6  A    No, ma'am.
7  Q    Sir, has anyone mentally, physically or in any other way
8  attempted to force you to plead "guilty" in either case?
9  A    No, ma'am..
10 Q    Do you understand that if your guilty pleas are accepted,
11 you will be found guilty of the offenses charged by Count One
12 of the Indictment in each case and that your punishment will
13 be assessed somewhere within the range of punishment provided
14 by statute?
15 A    Yes, ma'am.
16 Q    Sir, are you a citizen of the United States?
17 A    Yes, ma'am.
18 Q    Then you should understand, because you're proposing to
19 plead "guilty" to a felony offense, that conviction of a
20 felony may deprive you of valuable rights of citizenship,
21 including the right to vote, to hold public office, and to
22 serve on any kind of jury as well as the right to possess any
23 kind of firearm or ammunition.
24 A    Yes, ma'am.
25           THE COURT:  In addition to that, I'll now call upon

1   the Assistant United States Attorney to state the potential
2   penalties and consequences you face if you plead "guilty" to
3   Count One of each Indictment.
4          MR. DIGGS:  Thank you, Your Honor.
5          The maximum penalties the Court could impose include
6   imprisonment for a period of not more than 20 years, a fine
7   not to exceed $250,000 or twice any pecuniary gain to the
8   Defendant or loss to the victims; a term of supervised release
9   of not more than three years which is mandatory under the law;
10  a mandatory Special Assessment of $100; restitution to victims
11  which is mandatory under the law; the cost of incarceration
12  and supervision, and forfeiture of property.
13  Q    (By The Court) Mr. Moore, do you understand that if you
14  plead "guilty," you are subject to all the penalties and
15  consequences just explained in each of your cases?
16  A    Yes, ma'am.
17  Q    Do you understand that if the sentence you receive is
18  more severe than you expect, you'll still be bound by your
19  guilty plea and you'll have no -- guilty pleas -- excuse me --
20  and you'll have no right to withdraw them?
21  A    Yes, ma'am.
22  Q    However, in your Case No. 3:18-CR-592, your Plea
23  Agreement with the Government does contemplate that other
24  charges against you will not be pursued upon sentencing on
25  Count One.  For that reason, Judge Godbey will have to

1  determine whether to accept your Plea Agreement with the
2  Government.
3          In the event, Judge Godbey rejects your Plea
4  Agreement with the Government, in that case you will be
5  permitted to withdraw any guilty plea you make pursuant to
6  that -- the Plea Agreement in that case.
7  A    Yes, ma'am.
8  Q    Do you have any questions about anything at all that
9  we've covered up to this point?
10 A    No, ma'am.
11 Q    Then, Mr. Moore, how do you plead to Count One of the
12 Indictment in Case No. 3:19-CR-432-N?  Guilty or not guilty?
13 A    Guilty.
14 Q    Mr. Moore, how do you plead to Count One of the
15 Indictment in Case No. 3:18-CR-592?  Guilty or not guilty?
16 A    Guilty.
17         THE COURT:  Mr. Oliphant, are Mr. Moore's "guilty"
18 pleas consistent with your legal advice?
19         MR. OLIPHANT:  Yes, ma'am.
20         THE COURT:  Then, Mr. Moore, I will recommend in each
21 case that Judge Godbey accept your guilty plea on the
22 condition that there's a factual basis to support that guilty
23 plea.  In each of your cases, that factual basis is supplied
24 by the stipulated facts in the Factual Resume.
25         I'm going to ask you to first look at the Factual

```
 1   Resume in Case No. 3:19-CR-432-N and to look at the last page
 2   of that Factual Resume which is Page 4.  Is that your
 3   signature there?
 4   A    Yes, ma'am.
 5   Q    Before you signed that Factual Resume, did you read it in
 6   its entirety?
 7   A    Yes, ma'am.
 8   Q    And did you also go over it in detail with your attorney?
 9   A    Yes, ma'am.
10   Q    And do you know and understand all the -- everything, all
11   the details, including what's in the "Stipulated Facts"
12   section on Pages 2 and 3 of that Factual Resume?
13   A    Yes, ma'am.
14   Q    At this time it would be appropriate to have those
15   "Stipulated Facts" read aloud here in court but you may waive
16   the reading, if you choose.  Would you like to have the
17   Stipulated Facts read aloud or to waive the reading?
18   A    No, ma'am.
19   Q    I'm sorry.  I didn't hear your answer.
20   A    No, ma'am.
21   Q    You don't want them read?
22   A    (Negative gesture).
23   Q    Do you admit that these "Stipulated Facts" in the Factual
24   Resume in Case No. 3:19-CR-432 are true?
25   A    Yes, ma'am.
```

```
 1              THE COURT:  Mr. Oliphant, are the "Stipulated Facts"
 2   in the Factual Resume in that case consistent with the true
 3   facts as you understand them?
 4              MR. OLIPHANT:  Yes, Your Honor.
 5   Q    (By The Court) Mr. Moore, I'm going to direct your
 6   attention to the Factual Resume in Case No. 3:18-CR-592 now.
 7   If you would look at Page 5, which is the last page of that
 8   Factual Resume, it appears to contain your signature.  Is that
 9   your signature?
10   A    Yes, ma'am.
11   Q    Before you signed that Factual Resume, did you read it in
12   its entirety and discuss it in detail with your attorney?
13   A    Yes, ma'am.
14   Q    Then do you know and understand what's in the Factual
15   Resume, including what's in the "Stipulated Facts" section on
16   Pages 2 through 4?
17   A    Yes, ma'am.
18   Q    Sir, at this time it would be appropriate to have those
19   "Stipulated Facts" read aloud here in court but you may waive
20   the reading, if you choose.  Would you like to have those
21   Stipulated Facts read aloud?
22   A    I'll waive them.
23   Q    Mr. Moore, do you admit that the "Stipulated Facts" in
24   that Factual Resume are true?
25   A    Yes, ma'am.
```

```
 1            THE COURT:  Mr. Oliphant, are the "Stipulated Facts"
 2   in that Factual Resume consistent with the true facts as you
 3   understand them?
 4            MR. OLIPHANT:  Yes, Your Honor.
 5            THE COURT:  Mr. Moore, based on my review of the
 6   "Stipulated Facts" in each of the Factual Resumes and my
 7   satisfaction with the responses you've given regarding each of
 8   your cases, I find that you are fully competent and capable of
 9   entering an informed plea and that your "guilty" pleas to
10   Count One of the Indictment in each case is -- are knowing and
11   voluntary pleas supported by an independent bases in fact
12   containing each of the elements of the offenses alleged by
13   Count One of each of the Indictments.  Therefore, sir, I am
14   recommending that Judge Godbey accept your "guilty" pleas and
15   pronounce you guilty of the offenses charged by Count One of
16   the Indictment in each case.
17            I'm making that recommendation in a written report
18   that will issue today which means that you have 14 days from
19   today to file any objection to my written report.
20            Sir, you're scheduled to be sentenced by Judge Godbey
21   in each of your cases on January 13th, 2020, next year, at
22   9:00 AM.  And the deadline for issuing the Presentence Report
23   in each of your cases is December 2nd, 2019, of this year.
24            Mr. Moore, you've been in the custody of the U.S.
25   Marshal, and I find it is appropriate for you to remain in
```

1  custody, pending your sentencing hearing and any further
2  proceedings in your case.  And so at this time, sir, you are
3  remanded back to the custody of the U.S. Marshal.
4           THE DEFENDANT:  Okay.
5           THE COURT:  Good luck to you.
6           The attorneys are excused.
7           (Hearing adjourned at 10:30 AM.)

CERTIFICATE OF OFFICIAL REPORTER

     I, Deborah A. Kriegshauser, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of Texas, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

     Dated this 19th day of March, 2020.


                     /s/ Deborah A. Kriegshauser
                     _____
                     DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
                     FEDERAL OFFICIAL COURT REPORTER