```
1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
2                       DALLAS DIVISION

3   UNITED STATES OF AMERICA     )  CAUSE NO. 3:19-CR-432-N
                                 (
4   vs.                          )
                                 (  JANUARY 13, 2020
5                                )  DALLAS, TEXAS
    ROBERT DARREN MOORE          (  9:00 A.M.
6   _____

7


8


9   _____

10                         SENTENCING

11
             BEFORE THE HONORABLE DAVID GODBEY
12              UNITED STATES DISTRICT JUDGE

13  _____

14
                     A P P E A R A N C E S
15

16
        FOR THE GOVERNMENT:  UNITED STATES ATTORNEY'S OFFICE
17                           1100 COMMERCE, 3RD FLOOR
                             DALLAS, TEXAS  75242
18                           (214) 659-8600
                             BY:  MR. DAMIEN DIGGS
19
        FOR THE DEFENDANT:   LAW OFFICE OF DANIEL OLIPHANT
20                           3626 N. HALL STREET, SUITE 630
                             DALLAS, TEXAS  75219
21                           (469) 567-3316
                             BY:  MR. DANIEL OLIPHANT
22
    OFFICIAL COURT REPORTER:  SHAWN M. McROBERTS, RMR, CRR
23                            1100 COMMERCE STREET, RM. 1504
                              DALLAS, TEXAS  75242
24                            (214) 753-2349

25
```

1        THE COURT:  Are we ready now to proceed with
2   sentencing of Robert Moore?
3        MR. DIGGS:  Good morning, Your Honor.  Damien Diggs
4   for the United States.
5        MR. OLIPHANT:  Good morning, Your Honor.  Daniel
6   Oliphant for Mr. Moore.
7        THE COURT:  Good morning.
8        MR. OLIPHANT:  May we have just a moment, Your
9   Honor?
10       THE COURT:  Yes.
11       MR. OLIPHANT:  Thank you, Your Honor.
12       THE COURT:  All set?
13       MR. OLIPHANT:  Yes, sir.
14       THE COURT:  So we've got two different cases that
15  we're sentencing on.  It looks to me like we can just run
16  those together; we don't need to do one after the other.  Does
17  that sound right to counsel?
18       MR. OLIPHANT:  Yes, sir, Your Honor.  Thank you.
19       MR. DIGGS:  Yes, Your Honor.
20       THE COURT:  All right.  Then I have seen the
21  presentence report, the addendum to the PSR, the Government's
22  statement of no objection, and the Government's sentencing
23  memorandum.
24     Are there any other written materials that I should have
25  in front of me in connection with sentencing?

1       MR. OLIPHANT:  No, Your Honor.

2       MR. DIGGS:  No, Your Honor.

3       THE COURT:  All right.  And Mr. Oliphant, if I could
4  ask you to confirm for record purposes that you've had an
5  opportunity to review the presentence report and the addendum.

6       MR. OLIPHANT:  I have, Your Honor.

7       THE COURT:  And Mr. Moore, have you also had a
8  chance to see those?

9       THE DEFENDANT:  Yes, sir.

10      THE COURT:  Then I'm ready to listen to whatever the
11  Defense would care to present.

12      MR. OLIPHANT:  Okay.  Your Honor, thank you.

13    Your Honor, Mr. Moore, he does stand before you; some
14  very serious cases.  I will say that the entire time he's been
15  extremely cooperative from arrest all the way till today with
16  me, with the Government, with the Court, with the Probation
17  officer during his interview.  He's been extremely
18  cooperative, extremely polite.

19    I know there are a couple of slightly mitigating factors
20  for him.  He is not denying any involvement or any
21  participation.  He is, however, acknowledging that his drug
22  problem has kind of warped his thinking.  And not diminishing
23  what he's done, but he understands the seriousness of what
24  he's done and the need to get the tools specifically to help
25  him out moving forward.

1    At the conclusion, we are obviously going to ask to
2 sentence him to the drug treatment program as part of his
3 imprisonment to help him with that, but Mr. Moore can more
4 eloquently address the Court with regards to how he feels now.
5         THE COURT:  All right.  Mr. Moore?
6         THE DEFENDANT:  I want to apologize to the Court and
7 victims and family.  I should have never scared innocent
8 people.  I never should have done those crimes.  I learned a
9 valuable lesson.  I also realize that life of crime is not
10 good.  I'm tired of this lifestyle.
11    I am responsible for my action.  I've learned to control
12 myself, and I do not associate with negative people.  I want
13 to get cleaned up from drugs.  It will enable me to make
14 better choices.  I want to become a productive member of
15 society.  I do not want to be a part of the drug culture.
16 Drug classes will give me the tools to help myself.  I want to
17 renounce gang affiliation.
18    I want to request RDAP to help me better myself.
19    I'm very sorry for what I did, sir.
20         THE COURT:  Thank you, sir.
21    Anything else from the Defense?
22         MR. OLIPHANT:  No, Your Honor.  Thank you.
23         THE COURT:  What says the Government?
24         MR. DIGGS:  Just very briefly, Your Honor, as the
25 Court noted, the Government filed a sentencing memorandum, so

1  I won't reiterate all those arguments here.
2      The Government does believe that a Guidelines sentence is
3  sufficient and would provide adequate punishment.
4      I do think of the 3553 factors, that deterrence is
5  probably the most -- is the one the Government would like to
6  highlight.  I believe Mr. Moore has a very long criminal
7  history, as the Court can see in the presentence report.  He's
8  been involved in the criminal justice system for more than
9  half of his life, it seems.  He's denounced his affiliation
10 today, which is to his credit, particularly when that
11 affiliation, according to him, was the reason why he engaged
12 in some of this conduct.
13     The Government would just like the Court to note that
14 the -- in each robbery, the Defendant either had a weapon or
15 intimated that he had one, so that did cause some real fear
16 and caused the victim bank tellers to have to, one, return to
17 a workplace where such conduct occurred.
18     So the Government thinks that a Guidelines sentence --
19 I'm sorry -- within the Guideline range would be sufficient
20 but not greater than necessary to accomplish the sentencing
21 objectives.
22         THE COURT:  All right.  I am adopting the factual
23 contents of the presentence report and the addendum as my
24 factual determination in connection with sentencing.  Here the
25 Guideline calculation yields offense level 29, Criminal

1  History Category VI, for a sentencing range of 151 to 188
2  months.  I find under the circumstances that the Guidelines
3  adequately reflect the statutory sentencing factors of
4  § 3553(a), and, therefore, I see no reason to vary from the
5  Guidelines imposing sentence.
6      I think a sentence in the middle of the range is adequate
7  here, so I'm going to sentence the Defendant to 168 months on
8  each of the cases, the 592 and the 432 cases, to run
9  concurrently for a total of 168 months.
10     Pursuant to the Mandatory Victim Restitution Act, I am
11 going to order the Defendant to pay restitution in the amount
12 of $25,857.  If upon commencement of the term of supervised
13 release any part of the restitution is unpaid, the Defendant
14 shall make payments on the unpaid balance in monthly
15 installments of not less than 10 percent of the Defendant's
16 gross monthly income or $50 per month, whichever is greater,
17 beginning 60 days after release.  In addition, at least 50
18 percent of the receipts received from gifts, tax returns,
19 inheritances, bonuses, lawsuit awards, or any other receipt of
20 money shall be paid toward the unpaid balance within 15 days
21 of receipt.  And I will waive interest on the unpaid balance.
22     I'm not going to impose any fine due to inability to pay,
23 particularly in view of the restitution requirement.
24     I will impose the mandatory special assessment of $100
25 per count for a total of $200.

1    Upon release from imprisonment, I'm going to place the
2  Defendant on supervised release for a term of three years per
3  count to run concurrently, subject to the standard conditions
4  provided by the Sentencing Commission as well as the following
5  additional conditions:
6    1.  The Defendant shall not commit another federal,
7  state, or local crime.
8    2.  The Defendant shall not unlawfully possess a
9  controlled substance.
10   3.  The Defendant shall cooperate in the collection of
11 DNA.
12   4.  The Defendant shall refrain from any unlawful use of
13 a controlled substance.  The Defendant shall submit to one
14 drug test within 15 days of release and at least two periodic
15 drug tests thereafter.
16   5.  The Defendant shall pay restitution as previously
17 indicated.
18   6.  The Defendant shall provide to the Probation officer
19 any requested financial information.
20   7.  The Defendant shall participate in mental health
21 treatment services, as directed by the Probation officer,
22 until successfully discharged.  These services may include
23 medications prescribed by a licensed physician.  The Defendant
24 shall contribute to the costs of services rendered at a
25 co-payment rate of at least $10 per month.

1         8.  The Defendant shall participate in a program, either
2    in-patient or out-patient, approved by the Probation Office,
3    for treatment of narcotic, drug, or alcohol dependency, which
4    will include testing for the detection of substance use or
5    abuse.  The Defendant shall abstain from the use of alcohol or
6    all other intoxicants during and after completion of
7    treatment.  The Defendant shall contribute to the costs of
8    services rendered at a co-payment rate of at least $10 per
9    month.
10        And I will recommend that the Defendant be allowed to
11   participate in the Residential Drug Abuse Treatment Program,
12   if eligible.
13        Having stated the Court's sentence, is there any further
14   objection or comment or request for recommendation?
15            MR. OLIPHANT:  Your Honor, as in the previous case,
16   I realize the Court can't tell exactly where BOP puts him, but
17   if you would recommend Texarkana; he has family out that way.
18            THE COURT:  I will make that recommendation.  As you
19   point out, it's not binding on the Bureau of Prisons.  They
20   make their own determination, but I do think they give it some
21   consideration.  So yes, for whatever help it is, I will
22   recommend placement at Texarkana.
23            MR. OLIPHANT:  Thank you, Your Honor.
24            THE COURT:  I'm required to advise the Defendant
25   regarding his rights to appeal.

1        I believe you have waived those rights as part of the
2   plea agreement.  If so, such waivers are usually enforceable.
3   However, if you believe the waiver is not enforceable in your
4   particular circumstances, you can present that argument to the
5   Court of Appeals.
6        You have the right to request to appeal at no cost if you
7   do not have enough money for the appeal, and you may request
8   the Clerk of Court to prepare and file a notice of appeal on
9   your behalf.  With very few exceptions, any notice of appeal
10  must be filed within 14 days of entry of formal written
11  judgment.
12       Having advised the Defendant regarding his rights to
13  appeal, is there anything else we need to take up this morning
14  with regard to this Defendant?
15            MR. DIGGS:  Just very briefly, Your Honor.
16       The Government would move to dismiss Count 2 of the case
17  ending in 592 at this time.
18            THE COURT:  That count is dismissed as to this
19  Defendant.
20            MR. DIGGS:  Thank you.
21            MR. OLIPHANT:  Nothing from the Defendant.
22            THE COURT:  Then the Defendant is remanded into
23  custody, and counsel may be excused if you have nothing else
24  with us today.
25                    (End of hearing.)

```
 1              I HEREBY CERTIFY THAT THE FOREGOING IS A
 2         CORRECT TRANSCRIPT FROM THE RECORD OF
 3         PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
 4         I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
 5         FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
 6         COURT AND THE JUDICIAL CONFERENCE OF THE
 7         UNITED STATES.
 8
 9         S/Shawn McRoberts                 03/24/2020
10         _____DATE_____
           SHAWN McROBERTS, RMR, CRR
11         FEDERAL OFFICIAL COURT REPORTER
```